UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 24-cr-134 (PJS/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Cedric Lamont Berry, | |
| Defendant. | |

William C. Mattessich, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

Robert A. Lengeling, Law Office of Robert A. Lengeling, PLLC, Flour Exchange Building, 310 Fourth Avenue South, Suite 1050, Minneapolis, MN 55415 (for Defendant)

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following pretrial motions:

1. Defendant's Motion for Discovery, ECF No. 20;

2. Defendant's Motion for Disclosure of 404(b) Evidence, ECF No. 21; and

3. Defendant's Motion for Disclosure of Jencks Act Materials, ECF No. 22.

A hearing was held on July 15, 2024. ECF No. 28. Assistant United States Attorney William Mattessich appeared on behalf of the United States of America (the "Government"). Attorney Robert Lengeling appeared on behalf of Defendant Cedric Lamont Berry, Jr ("Defendant").

Based upon the record, memoranda, and oral arguments, **IT IS HEREBY ORDERED** as follows:

1

1. Defendant's Motion for Discovery, ECF No. 20, is **GRANTED IN PART** and **DENIED IN PART**.

In addition to requesting compliance generally with Rule 16(a) of the Federal Rules of Criminal Procedure, Defendant seeks disclosure of "[a]ll statements, confessions, admissions, comments, or utterances made by Defendant to any investigating officer or third party, including statements, admissions, comments, or utterances which may have been made part of any report, statement, memorandum, or other document or recording prepared by any federal, state, or local government agents." ECF No. 20 at 1. Defendant further requests the names of any officer present at the time the requested statements were made. *Id.* Defendant seeks his criminal record as well as the criminal records of any witness the Government calls at trial. *Id*. at 1-2. Defendant also seeks a "[c]omplete inventory of physical and documentary evidence obtained by the Government by seizure or other legal process" regardless of whether Government intends to use such as evidence at a trial in this case. *Id*. at 2. Defendant further seeks "[a]ll video or audio recordings of [] Defendant and accomplices taken from any retail business involved in the alleged conspiracy, including footage taken from surveillance cameras or traffic cameras featuring [] Defendant", and "[c]opies of all statements made by witnesses in this case, whether or not the Government intends to call the witness at trial"—Defendant specifically requests disclosure of this material 30 days before trial, *Id.*, the parties were not able to agree on the amount of time at the motions hearing. Defendant seeks information relating to any identification procedures used in this matter to identify Defendant. *Id.* at 2-3.

Defendant further seeks disclosure of evidence pursuant to *Brady v. Maryland*, 373

2

U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, including promises made to any witness and confidential informant, disciplinary records of the arresting officers, and information regarding any officer who will provide testimony on his ability to view the alleged offense prior to Defendant's arrest. *Id*. at 2-3.

In response, the Government represents that it has complied with its disclosure obligations and will continue to provide additional discovery as it comes in. *See* Gov't's Resp. at 2, ECF No. 27. The Government objects to any of Defendant's discovery requests that go beyond the scope of the applicable rules, and *Brady*, *Giglio*, and their progeny. *Id.*

"In most circumstances . . . a defendant must point to a statute, rule of criminal procedure, or other entitlement to obtain discovery from the government." *United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000). Defendant's motion is granted to the extent that responsive information subject to disclosure under Rule 16(a) remains in the Government's control and has not yet been produced. Defendant's motion is further granted in part to the extent his discovery requests seek discovery that the Government is otherwise obligated to disclose by law. While the Court has no reason to doubt that the Government will honor its continuing disclosure obligations under Rule 16(c), any responsive information or material subject to disclosure under Rule 16(a) that subsequently comes into the Government's knowledge or control shall be produced in a timely fashion. To the extent Defendant seeks information or materials outside the Government's disclosure obligations under Rule 16(a) or that have already been produced, his motion is denied. The Court will encourage the Government to disclose copies of statements made by a witness in this case if such witness will testify at trial, at least five days before trial.

3

Turning to Defendant's request for disclosure of favorable evidence and impeachment evidence pursuant to *Brady*, *Giglio*, and their progeny, "[t]he Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment." *United States v. Dones-Vargas*, 936 F.3d 720, 722 (8th Cir. 2019) (citing under *Brady*, 373 U.S. at 87). "*Brady* is not a discovery rule, but a rule of fairness and minimum prosecutorial obligation." *United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012). "*Brady* does not require pretrial disclosure, and due process is satisfied if the information is furnished before it is too late for the defendant to use it at trial." *United States v. Almendares*, 397 F.3d 653, 664 (8th Cir. 2005).

Further, "[t]he [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio*, 405 U.S. at 154); *see also United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." (citations omitted)). "One reason for this extension to witness-credibility evidence is because 'exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination.'" *Sigillito*, 759 F.3d at 930 (quoting *Davis v. Alaska*, 415 U.S. 308, 316-17 (1974)). The Eighth Circuit "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* (citation omitted). "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's

conviction." *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

Nevertheless, "[a] federal criminal defendant generally has no right to know about government witnesses prior to trial." *United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013) (quotation omitted); *see United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971) ("The request for statements of witnesses not to be called at trial is merely another way of determining whether the co-conspirators named in the indictment would be witnesses at trial, . . . [and] the identity of witnesses is information the government is not normally required to supply to the criminal defendant." (quotation omitted)); *United States v. Wisman*, No. 4:06CR0036 DJS/TCM, 2006 WL 587601, at *2 (E.D. Mo. Mar. 9, 2006) ("The statements of a non-witness are not discoverable.").

Defendant's request is granted in part to the extent that the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny. The Government represents that it is aware of its obligations and has been complying with those obligations and the Court has no reason to doubt those representations. Nonetheless, if the Government subsequently discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery. To the extent Defendant seeks discovery and disclosures outside the Government's obligations under these authorities or seeks materials that have already been produced, such a request is denied. *See Johnson*, 228 F.3d at 924 ("Criminal defendants do not have a general constitutional right to discovery.").

2. Defendant's Request for Disclosure of Rule 404(b) Evidence, ECF No. 21, is **GRANTED IN PART** and **DENIED IN PART**.

Defendant requests disclosure of Rule 404(b) evidence to be made immediately. *See* ECF No. 21 at 1; Tr. 5:20-24, ECF No. 30. In support of the motion, Defendant reasons that the disclosure prevents judicial surprise at trial and allows for Defendant to be adequately prepared to address the issues at trial. ECF No. 21 at 1. Additionally, Defendant seeks a clarification on what portion of his record the Government seeks to introduce. *Id.* In response, the Government proposes to disclose any Rule 404(b) evidence three weeks before trial. *See* Gov't's Resp. at 3. At the hearing, Defendant was not agreeable to this proposal.

Federal Rule of Evidence 404(b) requires the Government to provide reasonable written notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2); *see* Fed. R. Evid. 404(b)(3)(A) (prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it"), (C) (in writing). The Government is required to "articulate in the notice the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B).

"Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010). It does not apply to intrinsic evidence. *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence."). "Evidence of other wrongful conduct is considered intrinsic when it is

6

offered for the purpose of providing the context in which the charged crime occurred." *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

Rule 404(b) does not require that the Government "disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under [Fed. R. Crim. P.] 16." Fed. R. Evid. 404(b) advisory committee's notes to 1991 Amendments; *see Polk*, 715 F.3d at 249; *Hamilton*, 452 F.2d at 479; *see also Miller*, 698 F.3d at 704 ("In 1975, Congress amended Rule 16 to eliminate a requirement that the government disclose its witnesses prior to trial.").

The Court finds the three-week proposal reasonable. No later than three weeks prior to trial, the Government shall provide reasonable written notice of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Rule 404(b), articulating "the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B). If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery. *See* Fed. R. Evid. 404(b)(3)(A). Defendant's motion is denied to the extend it goes beyond Rule 404(b).

3. Defendant's Motion for Disclosure of Jencks Act Materials, ECF No. 22, is **DENIED**.

Defendant seeks the earliest disclosure of Jencks Act materials as possible, but requests that disclosure be made no later than one week prior to trial. ECF No. 22 at 2. Defendant also seeks disclosure of grand jury transcripts. *Id.* The Government objects to this motion and represents that it will provide grand jury transcripts consistent with its

7

obligations under *Brady*, the Jencks Act, and Rules 6(e), 16, and 26.2. *See* Gov't's Resp. at 5. Nonetheless, the Government voluntarily agreed to disclose Jencks Act materials no later than three business days prior to trial. *Id.* The parties were not able to agree on timing at the motions hearing.

      Beginning with Defendant's request for Jencks Act materials. By its terms,

> [t]he Jencks Act does not compel the government to produce a statement or report of a government witness until after the witness has testified on direct examination, after which the defendant may move for the production of any statements in the government's possession made by that witness relating to the subject matter of [his] testimony.

*United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998); *see* 18 U.S.C. § 3500(b). "Although in many cases the government freely discloses Jencks Act material to the defense in advance of trial, the government may not be required to do so." *Green*, 151 F.3d at 1115 (quotation omitted); *accord United States v. Wilson*, 102 F.3d 968, 971-72 (8th Cir. 1996). The Defendant's request for early disclosure of Jencks Act materials is denied. Although the Defendant requests Jenks Act materials as soon possible, the Court encourages disclosure of such materials three days in advance of trial and that this be reciprocal.

      Turning to Defendant's request for disclosure of grand jury transcripts, "[i]t has long been recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings. This principle is reflected in Rule 6(e) which establishes a general rule of confidentiality for all matters occurring before the grand jury." *United States v. McDougal*, 559 F.3d 837, 840 (8th Cir. 2009) (quotations and citations omitted).

"Exceptions to the rule of nondisclosure will be made only where there is a 'particularized need.'" *United States v. Haire*, 103 F.3d 697, 699 (8th Cir. 1996) (citing *United States v. Procter & Gamble*, 356 U.S. 677 (1958)); *see United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994) ("It is well-established that a showing of 'particularized need' is necessary before the court will accede to such a release." (citing *Procter & Gamble*, 356 U.S. at 683)).

Defendant has not made any showing of a particularized need for grand jury materials. Therefore, his request for disclosure of grand jury materials is denied except to the extent the Government is otherwise obligated to disclose such materials. *See United States v. Daniels*, 232 F. App'x 611, 612 (8th Cir. 2007) (per curiam) (no abuse of discretion in denying motion for grand jury transcripts given defendant's "failure to make any showing in support of his request for them"); *Broyles*, 37 F.3d at 1318.

4. All prior consistent orders remain in full force and effect.

5. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: October 17, 2024                *s/ Tony N. Leung*
                                      Tony N. Leung
                                      United States Magistrate Judge
                                      District of Minnesota

                                      *United States v. Berry*
                                      Case No. 24-cr-134 (PJS/TNL)