UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 24-CR-0134 (PJS/TNL) |
| Plaintiff, | |
| v. | ORDER |
| CEDRIC LAMONT BERRY, | |
| Defendant. | |

William C. Mattessich, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Robert A. Lengeling, LAW OFFICE OF ROBERT A. LENGELING, PLLC, for defendant.

This matter is before the Court on plaintiff Cedric Lamont Berry's objection to the October 17, 2024, Report and Recommendation ("R&R") of Magistrate Judge Tony N. Leung. Judge Leung recommends denying Berry's three motions to suppress evidence. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b). Based on that review, the Court overrules Berry's objection and adopts the R&R.

Berry objects to the R&R solely with respect to the recommendation that his motion to suppress identification evidence [ECF No. 23] be denied. After reviewing the record, however, the Court finds that, even assuming that the identification procedure in this case was impermissibly suggestive, that procedure did not violate Berry's right

to due process by creating a likelihood of misidentification.  *See, e.g.*, *United States v. Harris*, 636 F.3d 1023, 1026 (8th Cir. 2011).

As Judge Leung explained, the show-up occurred only about an hour after the identifying witness's altercation with his assailant.  *See* ECF No. 30 (hereinafter Tr.) 26:22–25, 34:21–35:11.  The witness indicated that he recognized his assailant "like you would know a guy in the gym," Tr. 31:15–21, and, at the show-up, identified Berry as the assailant.  The witness then affirmed that he was certain Berry had been his assailant.  *See* Gov't Ex. 4 at 0:41:51–0:42:42; Tr. 28:10–12.  The witness also told law enforcement that he had "tried to hold [the assailant] 'til [law enforcement] came" to the scene and that "it was, like, a five-minute fight," Gov't Ex. 4 at 0:22:15–0:22:37, suggesting that the witness had ample opportunity to view his assailant during the altercation.  That the witness did not provide law enforcement with a description of Berry prior to identifying him at the show-up does not make the witness's identification unreliable, especially in light of the other circumstances.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES defendant's objection [ECF No. 36] and ADOPTS the R&R [ECF No. 35].  IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to suppress identification evidence [ECF No. 23] is DENIED.

2. Plaintiff's motion to suppress evidence from a search and seizure [ECF No. 24] is DENIED.

3. Plaintiff's motion to suppress evidence from a search warrant [ECF No. 25] is DENIED.

Dated: November 26, 2024                s/Patrick J. Schiltz
                                        Patrick J. Schiltz, Chief Judge
                                        United States District Court